05 124



**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| | |
|---|---|
| United States District Court | District OF RHODE ISLAND |
| Name (under which you were convicted): Samuel Alicea | Docket or Case No.: 1:03CR68-01T |
| Place of Confinement: USP Allenwood, P.O. Box 3000 White Deer, PA 17887 | Prisoner No.: 05333-070 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) v. Samuel Alicea |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: United States District Court for the District of Rhode Island

   (b) Criminal docket or case number (if you know): 1:03CR68-01T

2. (a) Date of the judgment of conviction (if you know): January 24, 2004

   (b) Date of sentencing: January 23, 2004

3. Length of sentence: 180 months, 151 months to be served concurrently

4. Nature of crime (all counts): COUNT 1, Conspiracy to possess w/int to Dis cocaine
   COUNT 2, Posession w/int to Dis. cocaine
   COUNT 4, Possession w/int to Dis. Ecstacy.
   COUNT 5, Felon in Possession of a Firearm.

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐ (2) Guilty ☒ (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? N/A

6. If you went to trial, what kind of trial did you have? (Check one) N/A Jury ☐ Judge only ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: The subsequent vacating of convictions used to enhance petitioner as a Armed Career Criminal require resentencing.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Because the facts used to deem petitioner an Armed Career Criminal have been removed by the subsequent action of a state tribunal from which the facts originate; the change in circumstances require that the sentence predicated on the facts no longer in existence be vacated. Please see Attached Sworn Affidavit in Support @ ¶10-¶15.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: The facts which support this present action, i.e., the subsequent removal of the state convictions had not accrued at the time of direct appeal.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state: N/A

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): N/A

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion, petition, or application?

Yes ▯ No ▯

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ▯ No ▯

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ▯ No ▯

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ______

GROUND TWO: Material false assumptions as to sentencing determinations violated petitioner's Due Process Rights and require resentencing.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Because the sentencing court determined that the Guidelines were to be "mandatorily applied" the court made assumptions that were materially false and have the effect of rendered the entire sentencing process void. Please see Attached affidavit @ ¶ 16-¶23.

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: N/A

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Mr. Olin W. Thompson, Esq.
10 Weybosset Street, Suite 300, Providence RI 02903

(b) At arraignment and plea: Same

(c) At trial: N/A

(d) At sentencing: Same

(e) On appeal: N/A

(f) In any post-conviction proceeding: N/A

(g) On appeal from any ruling against you in a post-conviction proceeding: ____________________

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: ____________________

(b) Give the date the other sentence was imposed: ____________________

(c) Give the length of the other sentence: ____________________

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* This filing comports with Clay v. United States, 537 US 522 (2003)

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

> A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: vacating of 180 month and 151 month sentences for resentencing based on the current facts and law relevant to petitioner.

or any other relief to which movant may be entitled.

____________________________

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on 3/22/05 (month, date, year).

Executed (signed) on 3/22/05 (date).

Samuel Alicea

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. ____________________________

IN FORMA PAUPERIS DECLARATION

____________________________

[Insert appropriate court]

* * * * *

In the United States District Court
For the District of Rhode Island

---

United States of America,

Respondent,

v. 1:03CR68-01T

Samuel Alicea,

Petitioner.

---

STATE OF PENNSYLVANIA )
COUNTY OF UNION ) ss: SWORN AFFIDAVIT OF SAMUEL ALICEA

SWORN AFFIDAVIT OF SAMUEL ALICEA IN SUPPORT OF
28 U.S.C § 2255 MOTION TO CORRECT, SET ASIDE,
OR VACATE SENTENCE

I, Samuel Alicea, petitioner in the above referenced matter, do hereby affirm that the following statements are true and correct based on my direct knowledge and belief:

1. That on July 29, 2003, I was indicted by a federal grand jury sitting in the District of Rhode Island in a six (6) count indictment charging:

COUNT I, conspiracy to possess with the intent to distribute cocaine, in violation of Title 21 U.S.C. §§ 841(a)(1) and 846.
COUNT II, possession with intent to distribute cocaine, in violation of Title 21 U.S.C. §§ 841(a)(1).
COUNT IV, possession with intent to distribute Ecstacy, in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).
COUNT V, felon in possession of a firearm, in violation of Title 18 U.S.C. § 922(g)(1).

2. That on August 4, 2003, I self surrendered and thereafter opted to plead guilty and accept responsibility for my conduct;

3. That on October 31, 2003, I did enter pleas of guilty to the above referenced charges before his Honor Ernest C. Torres, Chief United States District Court Judge for the District of Rhode Island;

4. That on January 20, 2004, a Pre-Sentencing Investigation Report, (PSR) was prepared and submitted which, in pertinent part determined:

> Armed Career Offender Provisions: According to 4B1.4, the defendant is an armed career offender if he is subject to an enhanced sentence under the provisions of Title 18 U.S.C. § 924(e). The defendant meets this criteria as he has three prior qualifying convictions, outlined hereafter in the criminal history section of the presentence report as (DKT.#9634CR3191), (DKT.#9934CR2884), and (DKT.#9534CR3221A,B,C,). Pursuant to guideline §4B1.4(b)(3)(A), the offense level for an armed career offender is 34, if the defendant used or possessed the firearm or ammunition in connection with either a crime of violence or a controlled substance offense. In the instant case the defendant possessed the firearm in furtherance of his drug distribution activity. Since he meets this criteria, his offense level is established at 34.
>
> Id PSR @ ¶31.

5. That based on this determination my Total Offense Level after a reduction for Acceptance of Responsibility was set at 31;

6. That based on the Sentencing Court's conclusion that I was a minor participant pursuant to § 3B1.2(b) a 2 point

reduction was made to the Base Offense Level of 31 making the Total Offense Level 29;

7. That based on "19 criminal history points" that were attributed to me I was deemed to be in a Criminal History Category VI;

8. That the Criminal History Category VI and the Base Offense Level 29 placed me in a Guideline Sentencing Range of 151 to 188 months;

9. That because I was deemed an Armed Career Offender I was sentenced to a mandatory 180 months on COUNT V to run concurrent with 151 months on COUNTS I, II, and IV, See EXHIBIT A @ p.3;

10. That because the grounds underlying the determination that I am an Armed Career Offender, i.e., the convictions cited in ¶4 above; no longer exist, the conviction and sentence pursuant to 18 U.S.C. § 924(e) and the resulting Guideline ranges must be set aside and resentencing instituted;

11. That by action of the Attleboro District Court, located in Attleboro Massachusetts the convictions relied on to deem me a Armed Career Offender:

DKT.#9634CR3191
DKT.#9934CR2884
DKT.#9534CR3221

have been vacated and no longer support the § 924(e) determination

of my being an Armed Career Offender or a Career Offender with a Criminal History Category VI;

12. That as a result of the convictions being vacated by the Attleboro District Court my Criminal History Point Score is 9;

13. That a Criminal History Point Score of 9 would correspond to a Criminal History Category IV;

14. That the Base Offense Level which corresponds to my § 922(g) violation under the Guidelines would be 18 pursuant to §2K2.1(a)(6) and the addition of 4 points pursuant to § 2K2.1(b)(5);

15. That the sentencing range for my offense at a BOL of 18 and Category IV would be 41-51 months for COUNT V and the advisory Guidelines;

16. That because there were no specific quantities of cocaine and/or methamphetamine (ecstasty) pled to when I tendered my guilty plea the quantities used to determine my sentence must be based on undetermined quantities under the now advisory Guideline;

17. That the base offense level for an undetermined quantity of cocaine would be 12 under § 2D1.1(14) of the now advisory Guideline as that quantity would constitute "the 'statutory maximum' for Apprendi purposes,...solely on

the basis of the facts...admitted by [me]", as per Blakely v. Washington, 524 US __ (2004);

18. That the base offense level for an undetermined quantity of methamphetamone would be 12 under § 2D1.1(14) of the no advisory Guideline as that quantity would constitute "the 'statutory maximum' for Apprendi purposes,...solely on the basis of the facts...admitted by [me]", as per Blakely v. Washington, 524 US __ (2004);

19. That the base offense level 12 and a Criminal History Category IV would expose me to a sentencing range of 21-27 months under the now advisory Guidelines;

20. That because the Court construed the United States Sentencing Guidelines as mandatory and constitutional and imposed sentence upon me based on that belief, the Court made "material false assumptions";

21. That the Supreme Court and the First Circuit precedent espouses that "...material false assumptions as to any facts relevant to sentencing, renders the entire sentencing procedure invalid as a violation of due process." See, Townsend v. Burke, 334 US 736, 740-741 (1948); Roberts v. State of Maine, 48 F.3d 1287, 1294 (1st Cir. 1995); United States v. Dupont, 15 F.3d 5, 7-8 (1st Cir. 1994); United States v. Tracy, 989 F.2d 1279, 1286 (1st Cir. 1993);

22. That because Blakely v. Washington was The Supreme Court's clarification of it's intent in Apprendi v. New Jersey, my Due Process Rights accrue under Blakely v. Washington to have the correct interpretation of the law applied to me without regard to retroactivity, See Bunkley v. Florida, 538 US 835 (2003) and Fiore v. White, 531 US 225 (2001);

23. That because the United States Sentencing Guidelines are recognized as unconstitutional in part, the fact that the portion at issue was unconstitutional as applied to me, my Due Process Rights require the correct application of the law be applied to me without regard to retroactivity;

24. That this 28 U.S.C. § 2255 motion to vacate, set aside, or correct my sentence is timely filed as per Clay v. United States, 537 US 522 (2003);

25. That the reason for this "eleventh hour" fling is predicated on my waiting to receive the judgements from the Attleboro District Court regarding the vacating of the convictions referenced above;

26. That as soon as the judgments are received they will be forwarded to this court to supplement this § 2255 motion;

That the statements contained herein are truthful and accurate pursuant to 28 U.S.C. § 1746 and 18 U.S.C. §

That the statements contained herein are truthful and accurate pursuant to 18 U.S.C. § 1621 and 28 U.S.C. § 1746, and made with awareness of the penalties for perjury.

Dated: 3/22/05

Samuel L. Alicea

Samuel Alicea
P.O. Box 3000
White Deer, PA 17887

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 180 months as to Count V; 151 months as to Counts I, II and IV. All Counts to be served concurrently with each other.

[✔] The court makes the following recommendations to the Bureau of Prisons:

**That the defendant be assigned to a facility that has a substance abuse counseling and treatment program.**

[✔] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.
[ ] at ___ on ___.
[ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[ ] before _ on ___.
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

______________________________

______________________________

______________________________

Defendant delivered on ______________ to ______________

at ______________, with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

By ______________________________
Deputy United States Marshal