UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SAMUEL ALICEA | : | |
| | : | CA. No. 05-124T |
| v. | : | CR. No. 03-068T |
| | : | |
| UNITED STATES OF AMERICA | : | |

**GOVERNMENT'S MOTION TO EXTEND TIME TO RESPOND TO PETITIONER'S MOTION UNDER 28 U.S.C. § 2255**

The United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Zechariah Chafee, Assistant United States Attorney, hereby move the Court to extend the time by which the government must file its response to petitioner's motion under 28 U.S.C. § 2255 for one month. The grounds for this request are set forth in the attached memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Zechariah Chafee

ZECHARIAH CHAFEE
Assistant U.S. Attorney

3

**CERTIFICATION OF SERVICE**

I hereby certify that on this 25th day of April, 2005, I served by first class mail, postage prepaid, a copy of the within Government's Motion to Extend Time, to the following:

Samuel Alicea
#05333-070
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

[signature]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SAMUEL ALICEA | : | |
| | : | CA. No. 05-124T |
| v. | : | CR. No. 03-068T |
| | : | |
| UNITED STATES OF AMERICA | : | |

GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR AN EXTENSION OF TIME TO FILE ITS RESPONSE TO PETITIONER'S MOTION UNDER 28 U.S.C. § 2255

Petitioner seeks re-sentencing alleging that three of the Massachusetts convictions that were the grounds for his sentencing as an armed career criminal have since been vacated. Under previous 1st Circuit case law petitioners motion under 28 U.S.C. § 2255 would be out of time. However, that precedent has been greatly modified by a U.S. Supreme Court decision just this month. Johnson v. United States, 125 S.Ct. 1571 (2005).

In brief, the clock on § 2255 motions starts anew at the time of notice of the order vacating prior state court convictions used to enhance a federal sentence. That event now triggers the one year limitation period under the AEDPA. However, there is an exception. If a petitioner has failed to use due diligence in having his conviction vacated, then the one year clock does not start anew.

Petitioner in the instant case has averred that his underlying convictions were vacated and stated that he would produce such orders for this court. He has not done that. The government asks for another month to investigate to see whether and when such orders were issued and, if they were, then to determine what action petitioner took

to have the convictions vacated and whether petitioner used due diligence.

The government just became aware of the new Supreme Court ruling (decided April 4, 2005) and asks for the additional time to examine the facts and formulate an argument. This is not an excessive amount of time given that the legal situation has changed and that petitioner has not yet himself provided the orders of vacation that he claims exist. Petitioner should have produced those orders to support his argument.

The government ask for an extension of one month.

Respectfully Submitted

ROBERT CLARK CORRENTE
United States Attorney

Zachariah Chafee

ZECHARIAH CHAFEE
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of April, 2005, I served by first class mail, postage prepaid, a copy of the within Government's Memorandum In Support Of Its Motion for an Extension of Time to File its Response to Petitioners Motion under 28 U.S.C. § 2255 to the following:

Samuel Alicea
#05333-070
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

Paula Hasey