UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SAMUEL ALICEA | ) | |
| | ) | |
| v. | ) | C.A. NO: 05-124T |
| | ) | CR. NO: 03-068T |
| UNITED STATES OF AMERICA | ) | |

GOVERNMENT'S OBJECTION TO PETITIONER'S
MOTION FOR RESENTENCING UNDER 28 U.S.C. § 2255

Now comes the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Zechariah Chafee, Assistant United States Attorney, and hereby objects to Samuel Alicea's Motion for Resentencing Under 28 U.S.C. § 2255 for the reasons set forth in the attached Memorandum of Law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Zechariah Chafee

ZECHARIAH CHAFEE
Assistant U.S. Attorney

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of May, 2005, I caused to be sent via first class regular mail, a true copy of the within Government's Objection to Samuel Alicea's Motion for Resentencing Under 28 U.S.C. §2255 to:

Samuel Alicea
#05333-070
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

K Anderson
_______________________

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SAMUEL ALICEA | ) | |
| | ) | |
| v. | ) | C.A. NO: 05-124T |
| | ) | CR. NO: 03-068T |
| UNITED STATES OF AMERICA | ) | |

GOVERNMENT'S OBJECTION TO PETITIONER'S
MOTION FOR RESENTENCING UNDER 28 U.S.C. § 2255

Petitioner, Samuel Alicea, has advanced two arguments in support of his motion for re-sentencing under 28 U.S.C. § 2255. One argument is that the criminal convictions which form the basis of the Court's sentencing of him as an armed career criminal have since been vacated. That is false. The requisite convictions have not been vacated. On May 13, 2005, Government's counsel was in direct contact on the telephone as he had a clerk at the Attleboro District Court pull each of the relevant files by name, docket number and charges, and check each one to see if the relevant convictions have been vacated. They had not.

Perhaps petitioner was confused by the fact that some of the lesser counts in his cases were listed as "filed." The most serious counts were not "filed" and no conviction were listed as vacated. (The criminal record is attached as Exhibit 1. The cases with one asterisk were used by the Probation Department as the basis for the Armed Career Criminal opinion.)

The second argument is that this Court viewed the sentencing guidelines as mandatory. However, the First Circuit has just held that recent Supreme Court Booker case making the guidelines advisory does not apply retroactively to a defendant whose appeal has already been decided. Cirili-Munoz v. U.S., 404 F.3d 527 (decided April 15, 2005).

On January 25, 2004, defendant stated by letter that he did not wish to appeal his sentence. On January 30, 2004 judgement entered on the case and no appeal was filed.

Petitioner filed this motion on March 25, 2005. In addition to the other failures petitioner's motion is out of time as he mailed it over one year after his case became final. See AEDPA (relevant pages of Court docket record attached as Exhibit 2.)

Furthermore, petitioner received the fifteen year minimum sentence mandated by the Armed Career Criminal statute. It was not a matter of a guidelines calculation; it was a statutory mandate. Defendant was actually sentenced below the applicable guideline range which was 188-235 months.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Zechariah Chafee

ZECHARIAH CHAFEE
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of May, 2005, I caused to be sent via first class regular mail, a true copy of the within Government's Memorandum in Support of It's Objection to Samuel Alicea's Motion for Resentencing Under 28 U.S.C. §2255 to:

Samuel Alicea
#05333-070
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

Adult Criminal Conviction(s)

| | Date of Arrest | Charge/Agency | Date Sentence Imposed/Disposition | Guideline Score | |
|---|---|---|---|---|---|
| 36. | 06/27/94 (age 18) | Count 1: Drinking Alcohol in Public, Attleboro District Court, Attleboro, Massachusetts (9434CR2212A) | 06/27/94: Guilty, fined. | 4A1.2(c) | 0 |

Court records show that the defendant waived counsel. There was no police report available for this offense and the criminal complaint only lists the charges without more specific information.

| | | | | | |
|---|---|---|---|---|---|
| 37. | 09/08/94 (age 18) | Count 1: Possession of Marihuana, Count 2: Disorderly Person, Attleboro District Court, Attleboro, Massachusetts (9434CR3342A,B) | 10/06/94: Counts 1 and 2: Admits sufficient facts and fined. | 4A1.1(c) | 1 |

Court records show that the defendant was represented by counsel. There was no police report available for this offense and the criminal complaint only lists the charges without more specific information.

| | | | | | |
|---|---|---|---|---|---|
| 38. | 09/29/94 (age 18) | Count 1: Disturbing the Peace, Attleboro District Court, Attleboro, Massachusetts (9434CR3706A) | 09/29/94: Guilty, fine | 4A1.2(c) | 0 |

Court documents show that the defendant waived counsel. There was no police report available for this offense and the criminal complaint only lists the charge without more specific information.

| | | | | | |
|---|---|---|---|---|---|
| 39. | 10/03/94 (age 18) | Count 1: Disorderly Person, Attleboro District Court, Attleboro, Massachusetts (9434CR3634A) | 11/03/94: Guilty, fine | 4A1.2(c) | 0 |

Court documents show that the defendant was represented by counsel. There was no police report available for this offense and the criminal complaint only lists the charge without more specific information.

| | | | | | |
|---|---|---|---|---|---|
| 40. | 01/03/95 (age 19) | Count 1: Distribute/Dispense Cocaine, Count 2: Conspiracy to Violate the Controlled Substance Act, Attleboro District Court, Attleboro, Massachusetts (9534CR0013A,B) | 03/13/95: Count 1: Guilty, 60 days committed, Count 2: guilty, filed | 4A1.1(b) | 2 |

Court documents show that the defendant was represented by counsel. Specific information in reference to the offense conduct was unavailable.

| | | | | | |
|---|---|---|---|---|---|
| 41. | 07/03/95 (age 19) | Count 1: Larceny More Than $250, Count 2: Threatening to Commit a Crime, Attleboro District Court, Attleboro, Massachusetts (9534CR2641A,B) | 10/10/95: Count 1: Guilty, 1 year suspended sentence, and restitution. Count 2: Guilty and filed<br><br>10/01/96: Violation of probation, 1 year committed to run concurrent with docket No. 9634CR3191A | 4A1.1(b) | 2 |

Court documents indicate that the defendant was represented by counsel. The victim in this case was identified as Freddy Gomes.

| | | | | | |
|---|---|---|---|---|---|
| 42. | 08/08/95 (age 19) | Count 1: Larceny From a Person, Count 2: Threatening to Commit a Crime, Count 3: Intimidation, Attleboro District Court, Attleboro, Massachusetts (9534CR3221A,B,C) | 08/15/95: Count 1: 1 year split sentence, 6 months committed, balance suspended, Counts 2 and 3: Dismissed<br><br>08/14/96: Violation of Probation, 6 months committed concurrent with Docket No. 9634CR3191A. | *4A1.2(b) 4A1.2(k)(1) | 2 |

Court documents indicate that the defendant was represented by counsel. The criminal complaint offered that the defendant threatened to kill Luis Samayoa, assaulted him, and robbed him of $90.

| | | | | | |
|---|---|---|---|---|---|
| 43. | 02/19/96 (age 20) | Count 1: Simple Assault and Battery, Sixth Division District Court, Providence, Rhode Island (61/96-12390) | 07/25/96: Nolo, 1 year suspended sentence with 1 year probation.<br><br>03/08/02: Witness warrant issued and still active. | 4A1.1(c) | 1 |

Court records fail to reveal the nature of the defendants legal representation or specific information as to the offense conduct.

| | | | | | |
|---|---|---|---|---|---|
| 44. | 07/24/96 (age 20) | Count 1: Assault, Count 2: Assault and Battery, Attleboro District Court, Attleboro, Massachusetts (9634CR2079A,B) | 10/01/96: Counts 1 & 2: Admits sufficient facts, found guilty, and filed. | 4A1.1(c) | 1 |

Court records show that the defendant was represented by counsel. The victims were identified in the criminal complaint as Michael McInturff and Derek Harrison.

| | | | | | |
|---|---|---|---|---|---|
| 45. | 08/02/96 (age 20) | Count 1: Possession to Distribute Cocaine, Count 2: Possession of Marihuana, Count 3: Conspiracy to Violate the Controlled Substance Act, Attleboro District Court, Attleboro, Massachusetts (9634CR3191A,B,C.) | 10/01/96: Count 1: Guilty, 2 years committed. Counts 2 and 3: Guilty and filed. | *4A1.1(a) | 3 |

Court records show that the defendant was represented by counsel. Specific information as to the offense conduct was unavailable. The criminal complaint did note that Candido Santos, Summer Dorsey, Jeanette Packer, and Michael Cummings were co-conspirators under Count 3.

| | | | | | |
|---|---|---|---|---|---|
| 46. | 07/30/99 (age 23) | Count 1: Assault and Battery with a Dangerous Weapon, Attleboro District Court, Attleboro, Massachusetts (9934CR2884A) | 01/07/00: Jury Trial, 1 year split sentence, 161 days committed, balance suspended to 01/05/01.<br><br>01/05/01: Violation of probation, 1 year committed. | *4A1.1(a)<br>4A1.2(k)(1) | 3 |

Court documents indicate that the defendant was represented by counsel. The criminal complaint charges that the defendant beat Kenneth Foye and assaulted him with a knife.

| | | | | | |
|---|---|---|---|---|---|
| 47. | 10/21/01 (age 25) | Count 1: Disorderly Conduct, Fourth Division District Court, Narragansett, Rhode Island (41/01-04270) | 11/13/01: Nolo, filed, and court costs.<br><br>03/06/02: Violation hearing, defendant admits and declared to be in violation, 6 months probation. | 4A1.2(c) | 0 |

Court records fail to reveal the nature of the defendant's legal representation or specific information as to the offense conduct.

| | | | | | |
|---|---|---|---|---|---|
| 48. | 02/19/02 (age 26) | Count 1: Simple Domestic Assault, Sixth Division District Court, Providence, Rhode Island (61/02-03170). | 03/06/02: Nolo, 1 year probation.<br><br>07/11/02: Violation hearing, defendant admits and declared to be in violation of Probation, 1 year suspended sentence, probation to expire 03/05/03. | 4A1.1(c) | 1 |

Court records show that the defendant was represented by the Office of Public Defender for the State of Rhode Island. Specific information as to the offense conduct was unavailable. The victim in this case was identified as the defendant's girlfriend, Renda Uttaro. She was questioned regarding the offense and indicated that it was an argument that got out of hand and both her and the defendant were at fault.

| | | | | | |
|---|---|---|---|---|---|
| 49. | 06/11/02 (age 26) | Count 1: Operating after a Suspended License, Count 2: Operating to Endanger Lives and Safety, Attleboro District Court, Attleboro, Massachusetts (0234CR1742A(B). | 07/09/02: Count 1: Guilty, 1 year probation to 07/09/03. Count 2: Guilty, 60 days suspended sentence to 07/09/03. 40 hours community service.<br><br>10/09/02: Default, Warrant issued<br><br>OUTSTANDING WARRANT | **4A1.1(c) | 1 |

Court records were requested for this offense, however, were not available at the time this report was prepared.

* Indicates offenses used to qualify the defendant as a career criminal.

** Offense was not counted in the defendant's criminal history computation as he had already reached the limit of 4 points under guideline §4A1.1(c).

Criminal History Computation

50. The defendant has a total of 16 criminal history points as a result of the foregoing convictions. Also, pursuant to guideline §4A1.1(d), 2 additional points are added as the defendant was on probation for (61/02-03170) when the instant offense was committed.

| | | |
|---|---|---|
| | | condition. 3 years supervised release as to Counts I and III to be served concurrently with conditions. No fine. Mandatory special assessment of $200.00. (Signed by Judge Ernest C. Torres) [mailed to parties of interest] (df) [Entry date 01/20/04] [Edit date 01/26/04] |
| 1/23/04 | -- | Sentencing held before Judge Ernest C.Torres re: Samuel Alicea (1) count(s) 1, 2, 4, 5. (chafee, Thompson) Court Rptr: A. Gallogly. All counsel of record present. Defendant present. Probation Present. No objections to PSR. Court finds calculations are correct and accepts the PSR.. After hearing from counsel - Court finds defendant was a minor participant. Defendant address. Defense addresses. Government addresses. Defendant is remanded to the custody of the Attorney General for a term of 151 months as to Counts I, II & IV; and 180 months as to Count V all to be served concurrent to each other. The Court recommends to the BOP that the defendant be placed in a facility with a substance abuse and counseling treatment program. Followed by 3 years supervised release as to all Counts to be served concurrent to each other. Condition of supervised release: if the US Probation Office feels it necessary, the defendant will continue to participate in a substance abuse treatment and counseling program. No fine. Mandatory special assessment of $400.00. Defense addresses Count 6. Government makes oral motion to dismiss Count 6. Court grants the oral motion. (df) [Entry date 01/26/04] |
| 1/23/04 | 50 | Minute entry as to Samuel Alicea re: sentencing before Judge Torres on 1/23/04. (df) [Entry date 01/26/04] [Edit date 01/26/04] |
| 1/23/04 | -- | MOTION in open court by USA as to Samuel Alicea to Dismiss Count VI (df) [Entry date 01/26/04] [Edit date 01/28/04] |
| | Reference: | 51 |
| 1/28/04 | 51 | ORDER as to Samuel Alicea granting [0-0] oral motion to Dismiss Count VI as to Samuel Alicea (1) (Signed by Judge Ernest C. Torres) [mailed to counsel of record] (df) [Entry date 01/28/04] [Edit date 01/28/04] |
| 1/28/04 | -- | DISMISSAL of Count(s) on Government Motion as to Samuel Alicea. Counts Dismissed: Samuel Alicea (1) count(s) 6 (df) [Entry date 01/28/04] [Edit date 01/28/04] |
| 1/28/04 | 52 | Reply/Letter by Samuel Alicea. Defendant does not wish to appeal the sentence imposed. (df) [Entry date 01/30/04] |
| 1/30/04 | 53 | JUDGMENT as to Samuel Alicea (1) count(s) 1, 2 , 4 , 5 . 180 months as to Count V; 151 months as to Counts I, II and IV all Counts to be served concurrently with each other with condition. 3 years supervised release as to all Counts to be served concurrently to each other with condition. No fine. Mandatory special assessment of $400.00. Count VI is dismissed by motion of the goverment. (Signed by Judge Ernest C. Torres) (df) [Entry date 01/30/04] |
| 3/10/04 | 54 | Judgment Returned Executed as to Luz Santos; on 3/3/04 (df) [Entry date 03/11/04] |
| 4/6/04 | 55 | Judgment Returned Executed as to Samuel Alicea ; on 3/31/04 (df) [Entry date 04/06/04] |

EXHIBIT 2

| | | |
|---|---|---|
| 1/11/05 | 56 | Letter mailed to Attorney Zechariah Chafee requesting the retrieval of exhibits as to Samuel Alicea (df) [Entry date 01/12/05] |
| 2/3/05 | -- | exhibits destroyed pursuant to letter dated 1/11/05 as to Samuel Alicea (df) [Entry date 02/03/05] |
| 3/25/05 | -- | Motion to Vacate under 28 U.S.C. 2255 filed on 3/25/05 by Samuel Alicea CA 05-124T (bb) [Entry date 03/25/05] |

Case Flags:
RWL
CLOSED

END OF DOCKET: 1:03cr68-0

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 05/25/2005 12:03:42 | | | |
| PACER Login: | us0556 | Client Code: | |
| Description: | docket report | Search Criteria: | 1:03cr00068 |
| Billable Pages: | 13 | Cost: | 1.04 |