**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| SAMUEL ALICEA | : | |
| | : | |
| vs. | : | C.A. No. 05-124-T |
| | : | |
| UNITED STATES OF AMERICA | : | |

**MEMORANDUM AND ORDER**

Ernest C. Torres, Senior United States District Judge.

Samuel Alicea has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, that motion is denied.

**Background and Travel**

On October 31, 2003 Alicea pled guilty to the offenses of: (1) conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 (a)(1); (3) possession with intent to distribute Ecstacy, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(c)); and (4) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

On January 23, 2004, Alicea was sentenced to a statutory mandatory minimum term of fifteen years under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because he had three prior state court convictions, two for violent felonies and one for a serious drug offense. (See Presentence Investigation Report ["PSR"] at ¶¶ 42, 45-46.) A judgment of conviction was entered on

January 30, 2004. Alicea did not appeal his sentence, and his conviction became final on or about February 9, 2004.

More than one year later, on May 25, 2005, Alicea filed the instant motion to vacate. In his motion he asserts two claims: (1) that the predicate state court convictions on which his statutory minimum sentence under the ACCA was based have been vacated and thus his sentence should be recalculated (see Sworn Affidavit of Samuel Alicea in support of Motion to Correct, Set Aside or Vacate Sentence ["Alicea Aff."] at ¶¶ 9-15); and (2) that in determining his sentence, the Court relied on "materially false assumptions" -- namely that the Sentencing Guidelines were mandatory -- in violation of his due process rights as recognized in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004). (Alicea Aff. at ¶¶ 16-23.)

The Government has filed an objection to the motion to vacate, asserting that the convictions in question have not been vacated but in fact remain pending.

## Discussion

Neither of Alicea's claims warrant extended discussion.

### I. Vacated Convictions

Alicea's assertion that the predicate convictions on which his mandatory status as an armed career criminal was based (see Attleboro District Court Dkt. No. 9634CR3191, Dkt. No. 9934CR2884, and Dkt. No. 9534CR3221) have been vacated is unsupported. In his

affidavit making that assertion, Alicea stated that he would provide this Court with certified copies of the state court documents vacating those convictions (see Alicea Aff. at ¶¶ 25-26), but he has failed to do so. Furthermore, the Government represents that it has been advised by the Attleboro District Court Clerk's Office that none of the convictions in question is listed as vacated. Finally, at this Court's request, the United States Probation Office made inquiry of the Attleboro District Court and advises that it received confirmation that Alicea's convictions have not been vacated.

II. Blakely Claim

Alicea's claim that, in sentencing him, this Court erroneously assumed that the Guidelines were mandatory is, in essence, an attempt to apply Blakely retroactively. However, like Booker, Blakely does not apply retroactively to convictions that were final when Blakely was decided. See Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005) (§ 2255 petitions are unavailable to advance Booker claims in the absence of a Supreme Court decision rendering Booker retroactive to cases on collateral review). See also United States v. Fraser, 407 F.3d 9, 11 (1st Cir. 2005) (same). Since, Alicea's conviction became final long before the decisions in either Booker or Blakely, neither decision applies to his sentence.

**Conclusion**

For all of the foregoing reasons, Alicea's § 2255 motion to vacate is DENIED and DISMISSED.

IT IS SO ORDERED:

Ernest C. Torres
Ernest C. Torres
Sr. U.S. District Judge

Dated: May 15 , 2007